UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WEATHINGTON,<br><br>        Petitioner,<br><br>  v.<br><br>STEPHEN W. MAYBERG,<br><br>        Respondent.<br>_____/ | 1: 07 CV 00870 OWW  WMW HC<br><br>MEMORANDUM OPINION AND ORDER RE PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER RE PETITIONER'S MOTION FOR STAY OF STATE COURT PROCEEDINGS |

    Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  Respondent opposes the petition.

**PROCEDURAL HISTORY**

    Petitioner is confined pursuant to a judgment of the Superior Court of California, Los Angeles County, entered in Case No. ZM002379 in 2002.  A jury determined that Petitioner was a sexually violent predator, pursuant to Welfare and Institutions Code § 6600 et seq.  The court ordered Petitioner committed to the Department of Mental Health for two years.

    On October 27, 2006, Petitioner filed a petition for writ of habeas corpus with the California

1  Court of Appeal, Second Appellate District. The court denied the appeal without comment on
2  November 2, 2006. Petitioner filed a petition for writ of habeas corpus with the California Supreme
3  Court, which the court denied without comment on March 21, 2007.
4       A re-commitment proceeding is currently pending, and is apparently set for May 27, 2008.
5  Petitioner has moved this court for a stay of the state court proceedings. He claims that this court's
6  failure to stay the state court proceedings will render his petition moot. Respondent opposes
7  Petitioner's motion for a stay of the state court proceedings.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, Petitioner is confined at Coalinga State Hospital, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

When, as here, the California Supreme Court has summarily denied a claim without giving a rationale, this is considered a denial "on the merits," and is presumed to rest on grounds articulated by a lower court in its written opinion. Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590(1991);  Hunter v. Aispuro, 982 F.2d 344, 347-348 (9th Cir.1992), cert. denied, 510 U.S. 887, 114 S.Ct. 240 (1993). A reviewing court may then "look through" the unexplained summary denial, and apply the deferential standard of 28 U.S.C. § 2254(d), to the lower state court's reasoned decision. However, when there is no state court decision articulating a rationale, a reviewing court "has no basis other than the record" for determining whether the state court decision merits deference under 28 U.S.C. § 2254(d)(1). Delgado, 223 F.3d at 981-82. In such circumstances, a reviewing court can still apply the "objectively reasonable" standard of Williams to the state court decision. This does not mean de novo review by the federal court, but rather "an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law." Thomas v. Hubbard, 273 F.3d 1164, 1170 (9th Cir.2001); Bailey, 263 F.3d at 1028; Delgado, 223 F.3d at 982.

1      While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

EXHAUSTION OF ADMINISTRATIVE REMEDIES

     Respondent contends that this court lacks jurisdiction to consider the petition because Petitioner failed to exhaust his state administrative remedies. Respondent argues generally that a party must exhaust his administrative remedies before filing a request for judicial relief, citing Alta Loma School Dist. V. San Bernadino County Com. on School Distr. Reorganization, 124 Cal.App.3d 542, 554 (1981). In that case, certain school districts challenged a county committee's reorganization plan that would have caused the school districts to go out of existence  The California Court of Appeal held that, "[It is a well-recognized rule in this state that if an administrative remedy is provided by statute, relief must be sought from the administrative body and such remedy must be exhausted before judicial review of the administrative action is available. [Citations omitted.] The rule is not a matter of discretion; compliance is a jurisdictional prerequisite to judicial review." This mandatory state procedural rule, while clearly applicable in California state courts, is not controlling in the present federal habeas corpus action. Tellingly, Respondent cites no federal authority in support of his argument. Accordingly, the court rejects Respondent's contention that Petitioner's alleged failure to exhaust state administrative remedies deprives this court of jurisdiction.

//

ADOPTION OF THE STANDARDIZED ASSESSMENT PROTOCOL

Petitioner first contends that the Department of Mental Health ("DMH") failed to lawfully adopt the standard assessment protocol pursuant to the Administrative Procedures Act, thereby violating his right to procedural due process. Second, Petitioner contends that the DMH violated his right to procedural due process by failing to codify the standardized assessment protocol, effectively invalidating his § 6600 psychological evaluations and civil commitment evaluations filed against him. Third, Petitioner contends that the DMH's failure to lawfully adopt the standardized assessment protocol currently being utilized violates his right to substantive due process and invalidates all current and previous § 6600 civil commitment petitions filed against him. Finally, Petitioner also challenges the standardized assessment protocol as an unconstitutional "underground regulation." Respondent disputes Petitioner's contentions.

California's Sexually Violent Predators Act, Welfare and Institutions Code § 6600 et seq, defines a sexually violent predator ("SVP") as a person "convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Welf. & Insti. Code, § 6600(a)(1)). The SVP Act provides for the involuntary civil commitment of certain offenders, following the completion of their prison terms, who are found to be SVPs.

The process for determining whether a convicted sex offender meets the SVP requirements takes place in several stages, both administrative and judicial. The California Department of Corrections screens inmates in its custody who are serving a determinate prison sentence or whose parole has been revoked, at least six months before their scheduled release date. See Welf. & Inst. Code § 6601(a)(1),(b). If officials find that the inmate is likely to be a SVP, he is referred to the DMH for a "full evaluation" as to whether he meets the criteria in section 6600. Welf. & Inst. Code §6601(b).

Upon referral, the DMH evaluates the person in accordance with a standardized assessment protocol, developed by the DMH, to determine whether the person is a SVP. Welf & Inst.Code § 6601(c). The standardized assessment protocol requires assessment of diagnosable mental disorders,

1  as well as various factors known to be associated with the risk of re-offense among sex offenders,
2  including criminal and psychosexual history, type, degree, and duration of sexual deviance, and
3  severity of mental disorder.  Id.   In addition, "the evaluators may consider any factor which, in their
4  professional judgment, is relevant to the ultimate issue whether the person is a substantial danger to
5  re-offend if free in the community without any conditions, supervision, monitoring, or mandatory
6  treatment in the Director's custody."  People v. Superior Court (Ghilotti), 27 Cal.4th, 888, 927
7  (2002).
8         The person is evaluated by two practicing psychiatrists or psychologists, or one practicing
9  psychiatrist and one practicing psychologist, designated by the Director of the DMH.  Welf. & Inst.
10 Code § 6601(d).  If both evaluators conclude that the person a diagnosed mental disorder so that he
11 or she is likely to engage in acts of sexual violence without appropriate treatment and custody, the
12 Director forwards a request for a commitment petition to the county where the offender was
13 convicted of the crime for which he is currently imprisoned.   Welf. & Inst. Code § 6601(d).
14        If one such evaluator finds that the person meets the criteria set forth in section 6601(d), and
15 the other evaluator disagrees, "the Director . . . shall arrange for further examination of the person
16 by two independent professionals . . . ."  Welf. & Inst. Code § 6601(e).  "If and examination by
17 independent professionals pursuant to subdivision (e) is conducted, a petition [for] commitment . .
18 . shall only be filed if both independent professionals . . . concur that the person meets the criteria
19 for commitment specified in subdivision (d)."  Welf. & Inst. Code § 6601(f).
20        If the evaluators determine that the person is a SVP, the Director forwards a request for a
21 commitment petition to the county where the offender was convicted.  When the Director forwards
22 the petition and the county's legal counsel agrees with the request, a petition for commitment is filed
23 in the superior court.  The Superior Court first holds a hearing to determine whether there is
24 "probable cause" to believe that the person named in the petition is likely to engage in sexually
25 violent predatory criminal behavior upon release.  Welf. & Inst. Code § 6602(a).  If no probable
26 cause is found, the petition is dismissed.  If the court finds probable cause, the court orders a trial to
27 determine whether the person is a SVP.
28        The California Administrative Procedures Act ("APA") provides that "[ n] o state agency

shall issue, utilize, enforce, or attempt to enforce ... a regulation" without complying with the APA's notice and comment provisions. Gov. Code, § 11340.5 (a).   The APA defines "regulation" very broadly to include "every rule, regulation, order, or standard of general application or the amendment, supplement, or revision of any rule, regulation, order, or standard adopted by any state agency to implement, interpret, or make specific the law enforced or administered by it, or to govern its procedure, except one that relates only to the internal management of the state agency." Gov. Code, § 11342 (g).

In <u>Tidewater Marine Western, Inc. V. Bradshaw</u>, 14 Cal.4th 557, 571 (1996), the California Supreme Court held that a regulation subject to the APA has two principal identifying characteristics:

> First, the agency must intend its rule to apply generally, rather than in a specific case. The rule need not, however, apply universally; a rule applies generally so long as it declares how a certain class of cases will be decided. ( Roth v. Department of Veterans Affairs (1980) 110 Cal.App.3d 622, 630 [167 Cal.Rptr. 552].) Second, the rule must "implement, interpret, or make specific the law enforced or administered by [the agency], or ... govern [the agency's] procedure." (Gov. Code, § 11342, subd. (g).)

In this case, it is undisputed that the standardized assessment protocol is used by psychiatrists and psychologists to make case-specific determinations based on clinical judgment and experience. The standardized assessment protocol requires assessment of diagnosable mental disorders, as well as various factors known to be associated with the risk of re-offense among sex offenders.  Section 6601(c) states that the protocol "shall include" enumerated risk factors, but does not limit the factors to be considered by the evaluators.  On the contrary, the evaluators may consider, "any factor that, in their professional judgment, is relevant to the ultimate issue of whether the person is a substantial danger to reoffend if free in the community without any conditions, supervision, monitoring, or mandatory treatment in the Director's custody.  <u>Ghilotti</u>, 27 Cal.4th at 927.  Thus, the court finds that the standardized assessment protocol does not declare how a certain class of cases will be decided.  Rather, it sets out a procedure to be followed in making individualized determinations regarding a specific inmate. In particular, the Clinical Evaluator Handbook (attached as exhibit "A" to the petition) does not declare how a certain class of cases will be decided.  It provides the evaluators with an overview of the SVP Act and the evaluation process.  While it lists the findings to be made,

it does not tell the evaluator which conclusions to reach. The court therefore concludes that neither the standardized assessment protocol in general nor the Clinical Evaluator Handbook in particular amount to regulations subject to the California Administrative Procedures Act.

In light of the above, the court finds that Petitioner cannot carry his burden of demonstrating that the California Supreme Court clearly erred in its application of controlling federal law when it rejected Petitioner's contentions. See Thomas v. Hubbard, 273 F.3d at 1170. This petition therefore presents no basis for habeas corpus relief.

Petitioner may seek to appeal from the judgment of the court in this case. Petitioner cannot proceed on such an appeal absent a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right. Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) the petition for writ of habeas corpus is DENIED;

2) Petitioner's motion for a stay [Doc. 22] is DENIED as moot;

3) a certificate of appealability is DENIED;

4) the Clerk of the Court is directed to ENTER JUDGMENT for Respondent and to CLOSE

1 | this case.
2 | IT IS SO ORDERED.
3 | **Dated:   May 1, 2008**                              **/s/ Oliver W. Wanger**
                                                          UNITED STATES DISTRICT JUDGE